UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE
WARREN B. RUDMAN U.S. COURTHOUSE
55 PLEASANT STREET, ROOM 110
CONCORD, NEW HAMPSHIRE 03301-3941

KC **FILED**
MAR 0 7 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

OFFICE OF THE CLERK
James R. Starr
Clerk of Court

**07CR 0108**

Telephone
603-225-1423

February 28, 2007

Michael Dobbins, Clerk
U.S. District Court
Northern District of Illinois
Everett McKinley Dirksen Building
219 South Dearborn Street
Chicago, IL 60604

**JUDGE LINDBERG**

**MAGISTRATE JUDGE KEYS**

Re: NH Case No.: Criminal No. 01-cr-20-01-JD, USA v. Nelson

Dear Clerk Dobbins:

The above case has been transferred to your jurisdiction pursuant to a Transfer of Jurisdiction.

We enclose the following items:

   certified copy of the docket sheet
   certified copies of file documents - Indictment and Judgment

Please acknowledge receipt on the copy of this letter provided and return in the reply envelope enclosed.

Very truly yours,

James R. Starr, Clerk

By: [signature]
Jo-Ellen M. Magalnick
Deputy Clerk

Enclosures

cc:  U.S. Attorney - NH
     U.S. Probation - NH

| PROB 22 (Rev. 2/88) | | DOCKET NUMBER (Tran. Court) 01-CR-20-01-JD |
|---|---|---|
| | **TRANSFER OF JURISDICTION** | DOCKET NUMBER (Rec. Court) |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE: Jay Nelson | DISTRICT DISTRICT OF NEW HAMPSHIRE | DIVISION |
|---|---|---|
| | NAME OF SENTENCING JUDGE Honorable Joseph A. DiClerico, Jr. | |
| | DATES OF PROBATION/SUPERVISED RELEASE: | FROM 12/20/06 — TO 12/19/09 |

KC FILED
MAR 0 7 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

07CR 0108

JUDGE LINDBERG

MAGISTRATE JUDGE KEYS

OFFENSE
Ct. I: Failure to Appear, in violation of 18 U.S.C. 3146(a)

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE

    IT IS HEREBY ORDERED that pursuant to 18 U.S.C. § 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the Northern District of Illinois upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

12-27-06
Date

_Joseph A. DiClerico_
United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

    IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

JAN 3 0 2007
Effective Date

_James F. Holderman_
United States District Judge

CLOSED

# U.S. District Court
## District of New Hampshire (Concord)
### CRIMINAL DOCKET FOR CASE #: 1:01-cr-00020-JD-ALL

Case title: USA v. Nelson

Date Filed: 02/21/2001

Assigned to: Judge Joseph A. DiClerico, Jr

**KC FILED**
**MAR 0 7 2007**
**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

**07CR 0108**
**JUDGE LINDBERG**
**MAGISTRATE JUDGE KEYS**

**Defendant**

Jay Nelson (1)
*TERMINATED: 07/18/2002*

represented by **Bjorn R. Lange**
Federal Defender's Office
The Ralph Pill Building
22 Bridge St
Concord, NH 03301
603 226-7360
Email: bjorn_lange@fd.org
*TERMINATED: 07/18/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: Public Defender or Community Defender Appointment

**Pending Counts**

18:3146(a) PENALTY FOR FAILURE TO APPEAR
(1)

**Disposition**

Defendant committed to custody of Bureau of Prisons for 12 months. The court recommends to Bureau of Prisons that defendant participate in the intensive drug education and treatment program. Defendant remanded to US Marshal; Supervised Release: 3 yea rs; with standard and additional conditions; Special Conditions: The defendant shall participate in a program approved by the US Probation Office for treatment of narcotic addiction or drug or alcohol dependency which will include testing for the det ection of substance use or abuse. The defendant shall also abstain from the use of alcoholic beverages/and/or all other intoxicants during and after the course of treatment.

**CERTIFIED TO BE A TRUE COPY**
**JAMES R. STARR, CLERK**

BY: [signature]
**DEPUTY CLERK**

> The defendant shall pay for the cost of treatment to the extent he is able as determined by the probation officer.

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

**Plaintiff**

USA                               represented by    **Michael J. Gunnison**
US Attorney's Office (NH)
James C. Cleveland Federal Building
53 Pleasant St, 4th Flr
Concord, NH 03301-0001
603 225-1552
Email: michael.gunnison@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/21/2001 | 1 | INDICTMENT as to Jay Nelson (1) count(s) 1 Added AUSA Michael J. Gunnison. (jgb) (Entered: 02/22/2001) |
| 02/21/2001 | 2 | Praecipe for Warrant as to Jay Nelson (jgb) (Entered: 02/22/2001) |
| 02/21/2001 | | Arrest WARRANT issued as to Jay Nelson ; original warrant and copies to US Marshal and US Probation. (jgb) (Entered: 02/22/2001) |
| 07/19/2001 | | Re Jay Nelson: INITIAL APPEARANCE/ARRAIGNMENT held before Magistrate Judge Muirhead. Tape B:177-(3111-3400). Defendant: advised of rights & charges; waived reading of indictment and pled not guilty to count 1. Trial 9/18/01, 1 day. Defendant stipulated to detention. (cm) (Entered: 07/19/2001) |

| | | |
|---|---|---|
| 07/19/2001 | 3 | Rule 40 Documents as to Jay Nelson were received from Middle District of Florida. (dae) (Entered: 07/19/2001) |
| 07/19/2001 | 4 | FINANCIAL AFFIDAVIT by Jay Nelson (dae) (Entered: 07/20/2001) |
| 07/19/2001 | | ENDORSED ORDER as to Jay Nelson granting [4-1] financial affidavit as to Jay Nelson (1) ( Entered by Magistrate Judge James R. Muirhead ) (dae) (Entered: 07/20/2001) |
| 07/19/2001 | 5 | Appointment of Federal Defender as to Jay Nelson : Added Bjorn R. Lange (Signed by James R. Starr, Clerk) (dae) (Entered: 07/20/2001) |
| 07/19/2001 | 6 | Stipulation to Detention and Waiver of Detention Hearing Pending Trial as to Jay Nelson (dae) (Entered: 07/20/2001) |
| 07/19/2001 | | ENDORSED ORDER as to Jay Nelson granting [6-1] stipulation to detention as to Jay Nelson (1) ( Entered by Magistrate Judge James R. Muirhead ) (dae) (Entered: 07/20/2001) |
| 07/20/2001 | | Re Jay Nelson: TRIAL NOTICE: Jury Trial set for 2-week period beginning 9:30 9/18/01 for Jay Nelson ( before Judge Joseph A. DiClerico Jr ) (dae) (Entered: 07/20/2001) |
| 09/04/2001 | 7 | MOTION by Jay Nelson for Continuance of Trial in Interests of Justice from 9/18/01 to on or after 12/4/01 with assent and waiver to follow (jgb) (Entered: 09/04/2001) |
| 09/05/2001 | | ENDORSED ORDER as to Jay Nelson granting [7-1] motion for Continuance of Trial in Interests of Justice from 9/18/01 to on or after 12/4/01 Time Excluded from 9/29/01 to 12/11/01 as to Jay Nelson (1), reset Jury Trial for 9:30 12/11/01 for Jay Nelson ( Entered by Judge Joseph A. DiClerico Jr ) (jgb) (Entered: 09/05/2001) |
| 11/07/2001 | 8 | MOTION by Jay Nelson for Continuance of Trial in Interests of Justice from 12/11/01 to on or after 1/22/02 with waiver of speedy trial and assent (jgb) (Entered: 11/07/2001) |
| 11/08/2001 | | ENDORSED ORDER as to Jay Nelson granting [8-1] motion for Continuance of Trial in Interests of Justice from 12/11/01 to on or after 1/22/02 Time Excluded from 12/11/01 to 1/22/02 as to Jay Nelson (1), reset Jury Trial for 9:30 1/22/02 for Jay Nelson ( Entered by Judge Joseph A. DiClerico Jr ) (jgb) (Entered: 11/09/2001) |
| 01/09/2002 | 9 | MOTION by Jay Nelson for Continuance of Trial in Interests of Justice from 1/22/02 to on or after 4/16/02 with assent of USA and waiver of speedy trial by defendant (jgb) (Entered: 01/09/2002) |
| 01/09/2002 | | ENDORSED ORDER as to Jay Nelson granting [9-1] motion for Continuance of Trial in Interests of Justice from 1/22/02 to on or after 4/16/02 Time Excluded from 1/22/02 to 4/16/02 as to Jay Nelson (1), reset Jury Trial for 9:30 4/16/02 for Jay Nelson ( Entered by Judge Joseph A. DiClerico Jr ) (jgb) (Entered: 01/10/2002) |

| | | |
|---|---|---|
| 04/02/2002 | 10 | Plea Agreement as to Jay Nelson, to indictment Count I (jgb) (Entered: 04/02/2002) |
| 04/02/2002 | | Re Jay Nelson: Change of plea hearing set for 9:30 4/8/02 for Jay Nelson before Judge Joseph A. DiClerico Jr . (jgb) (Entered: 04/02/2002) |
| 04/08/2002 | | RE Jay Nelson: SENTENCING set for 9:30 7/18/02 for Jay Nelson Jay Nelson (1) count(s) 1 before Judge Joseph A. DiClerico Jr (jgb) (Entered: 04/08/2002) |
| 04/08/2002 | | Re Jay Nelson: Change of plea hearing held ; Plea of Guilty by Jay Nelson (1) count(s) 1 : Court accepts plea; held before Judge Joseph A. DiClerico Jr Court Reporter/Tape #: Celeste Quimby . (jgb) (Entered: 04/08/2002) |
| 04/08/2002 | | **Remove trial set flag (jgb) (Entered: 04/08/2002) |
| 07/18/2002 | | RE Jay Nelson: SENTENCING held Jay Nelson (1) count(s) 1 before Judge Joseph A. DiClerico Jr Court Reporter/Tape #: Sandy Kulacz (jgb) (Entered: 07/18/2002) |
| 07/18/2002 | 11 | JUDGMENT Jay Nelson (1) count(s) 1. Defendant committed to custody of Bureau of Prisons for 12 months. The court recommends to Bureau of Prisons that defendant participate in the intensive drug education and treatment program. Defendant remanded to US Marshal; Supervised Release: 3 years; with standard and additional conditions; Special Conditions: The defendant shall participate in a program approved by the US Probation Office for treatment of narcotic addiction or drug or alcohol dependency which will include testing for the detection of substance use or abuse. The defendant shall also abstain from the use of alcoholic beverages/and/or all other intoxicants during and after the course of treatment. The defendant shall pay for the cost of treatment to the extent he is able as determined by the probation officer. Special Assessment $100.00 due in lump sum immediately . ( Signed by Judge Joseph A. DiClerico Jr ) (jgb) (Entered: 07/18/2002) |
| 07/18/2002 | | Termination of party Jay Nelson pending deadlines and pending motions as to Jay Nelson (jgb) (Entered: 07/18/2002) |
| 07/18/2002 | | **Case closed as to Jay Nelson (all defendants). (jgb) (Entered: 07/18/2002) |
| 04/14/2003 | 12 | Judgment Returned Executed as to Jay Nelson on 4/9/03 (amm) (Entered: 04/15/2003) |
| 11/14/2003 | ○ | LEDGER Entry as to Jay Nelson : Penalty Assessment paid in full, amount $100. Original ledger retained by financial division. (dae, ) (Entered: 12/02/2003) |
| 01/21/2005 | ○ | File located at National Archives and Records Administration (NARA), Waltham, MA. Transfer No. 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, Location No. A138233, Box No. 3 (jeb, ) (Entered: 01/21/2005) |

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

United States of America

v.                                     Cr. No. 01-20-01-JD

Jay Nelson                             JUDGE LINDBERG

INDICTMENT                             MAGISTRATE JUDGE KEYS

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 3146(a) - Failure To Appear]

On or around February 15, 2001, in the District of New Hampshire, the defendant,

Jay Nelson,

having been charged with a violation of Title 18, United States Code, Section 1343, and having been released pursuant to Chapter 207 of Title 18, United States Code, in connection with the aforementioned criminal charge, for appearance in United States District Court on February 15, 2001, did knowingly and willfully fail to appear as required, in violation of Title 18, United States Code, Section 3146(a).

A TRUE BILL.

Dated: February 21, 2001

By: _____
Michael J. Gunnison
Assistant U.S. Attorney

CERTIFIED TO BE A TRUE COPY
JAMES R. STARR, CLERK

BY: _____
DEPUTY CLERK

AO 245B (Rev. 03/01) Judgment in a Criminal Case - Sheet 1

# United States District Court
## District of New Hampshire

UNITED STATES OF AMERICA

v.

JAY NELSON

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: CR 01-20-01-JD

Bjorn R. Lange, Esq.
Defendant's Attorney

**THE DEFENDANT:**

[✓] pleaded guilty to count(s): **I of the Indictment**.
[ ] pleaded nolo contendere to count(s) ___ which was accepted by the court.
[ ] was found guilty on count(s) ___ after a plea of not guilty.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18:3146(a) | Failure to Appear | 2/15/2001 | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s) ___ and is discharged as to such count(s).

[ ] Count(s) dismissed on motion of the United States: ___.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

July 18, 2002
Date of Imposition of Judgment

_Signature of Judicial Officer_

JOSEPH A. DICLERICO, JR.
United States District Judge
Name & Title of Judicial Officer

7-18-02
Date

CERTIFIED TO BE A TRUE COPY
JAMES R. STARR, CLERK

BY: _____
DEPUTY CLERK

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **12 months**.

[✓] The court makes the following recommendations to the Bureau of Prisons:

**that the defendant participate in the intensive drug education and treatment program.**

[✓] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district.
    [ ] at ___ on ___.
    [ ] as notified by the United States Marshal.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    [ ] before _ on ___.
    [ ] as notified by the United States Marshal.
    [ ] as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

04-09-2003

Defendant delivered on 04-09-2003 to Federal Correctional Institution at Otisville, NY, with a certified copy of this judgment.

*Frederick Menifee Wieh*
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

CASE NUMBER: CR 01-20-01-JD
DEFENDANT: JAY NELSON

Judgment - Page 3 of 6

RECEIVED

## SUPERVISED RELEASE

2003 APR 14 P 12: 02

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years**.

U.S. MARSHAL
CONCORD, NH

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

[ ]   The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[✓]   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

# SPECIAL CONDITIONS OF SUPERVISION

In addition, the defendant shall comply with the following special conditions:

The defendant shall participate in a program approved by the United States Probation Office for treatment of narcotic addiction or drug or alcohol dependency which will include testing for the detection of substance use or abuse. The defendant shall also abstain from the use of alcoholic beverages and/or all other intoxicants during and after the course of treatment. The defendant shall pay for the cost of treatment to the extent he is able as determined by the probation officer.

AO 245B (Rev. 03/01) Judgment in a Criminal Case - Sheet 5 Criminal Monetary Penalties

| | |
|---|---|
| CASE NUMBER: | CR 01-20-01-... |
| DEFENDANT: | JAY NELSON |

Judgment - Page 5 of 6

# CRIMINAL MONETARY PENALTIES

RECEIVED
2003 APR 11 P 12:02
U.S. MARSHAL
CONCORD, NH

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $100.00 | | |

[ ] The determination of restitution is deferred until . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[ ] The defendant shall make restitution (including community restitution) to the following payees in the amount listed.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or % of Pymnt |
|---|---|---|---|
| | | | |
| TOTALS: | | | |

[ ] If applicable, restitution amount ordered pursuant to plea agreement. $_____

[ ] The defendant shall pay interest on any fine or restitution of more than $2500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    [ ] The interest requirement is waived for the    [ ] fine    [ ] restitution.

    [ ] The interest requirement for the    [ ] fine and/or    [ ] restitution is modified as follows:

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 03/01) Judgment in a Criminal Case - Sheet 5 Criminal Monetary Penalties

CASE NUMBER: CR 01-20-0 /-JD
DEFENDANT: JAY NELSON

Judgment - Page 6 of 6

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A [✔] Lump sum payment of $100.00 due immediately, balance due

    [ ] not later than _, or
    [ ] in accordance with [] C, [] D, or [] E below; or

B [ ] Payment to begin immediately (may be combined with [] C, [] D, or [] E below); or

C [ ] Payment in _ installments of $_ over a period of _, to commence _ days after the date of this judgment; or

D [ ] Payment in _ installments of $_ over a period of _, to commence _ days after release from imprisonment to a term of supervision; or

E [ ] Special instructions regarding the payment of criminal monetary penalties:

Criminal monetary payments are to be made to Clerk, U.S. District Court, 55 Pleasant Street, Room 110, Concord, NH 03301. Payments shall be in cash or in a bank check or money order made payable to Clerk, U.S. District Court. Personal checks are not accepted.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made payable to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ] Joint and Several

    Defendant Name, Case Number, and Joint and Several Amount:

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.